IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| RECO MAREESE DANIELS,<br>Reg. No. 13646-002,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 3:24-CV-756-WKW<br>[WO] |

## **ORDER**

On May 19, 2026, Petitioner Reco Mareese Daniels's 28 U.S.C. § 2255 motion was denied (Doc. # 33), and final judgment was entered (Doc. # 34). On June 16, 2026, Petitioner's notice of appeal to the United States Court of Appeals for the Eleventh Circuit was received and docketed. (Doc. # 39.) Petitioner now has filed a self-styled "Motion to ReHear," dated June 29, 2026. (Doc. # 43.)

Because Petitioner has filed a notice of appeal, this court no longer has jurisdiction to consider his motion. *See U.S. v. Hogan*, 181 F. App'x 803, 804 (11th Cir. 2006) (per curiam) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982))); *see also Shewchun v. U.S.*, 797 F.2d 941, 942 (11th Cir. 1986) ("It is the general rule of this

Circuit that the filing of a timely and sufficient notice of appeal acts to divest the trial court of jurisdiction over the matters at issue in the appeal, except to the extent that the trial court must act in aid of the appeal."). Accordingly, it is ORDERED that Petitioner's "Motion to ReHear" (Doc. # 43) is DENIED for lack of jurisdiction.

DONE this 9th day of July, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE